Dear Mr. Dean:
You have requested an opinion of the Attorney General regarding the legality of certain proposed expenditures from the Assessors' Salary and Expense Fund. You state that you recently received a letter from the Mayor of Winnsboro inviting you to join other individuals for a trip to a textile company located in Thailand that is interested in building a plant in the United States. You further state that representatives from said company visited Winnsboro six weeks earlier to discuss the plant. In return a team of Winnsboro officials offered to visit the plant in Thailand and meet with other company officials to make a formal presentation inviting them to locate their new facility in Franklin Parish.
The purpose for your attending this meeting is to make a presentation on ad valorem taxes and Louisiana's Ten Year Industrial Exemption Program. You state that your auditor, Vernon Coon, expressed concern over the expenditure of Salary and Expense Funds for financing the expenses of this trip. As a result, you sent a packet of materials with the team in lieu of making the trip yourself.
Now that the initial trip has been made, the possibility exists for a return trip, and you request our opinion as to whether the Salary and Expense Fund may be used for the expenses related thereto.
In answer to your question, I refer you to LSA-R.S. 47:1906
which establishes the Assessors' Salary and Expense Fund. It provides, in pertinent part, the following:
 "A. There shall be a fund for the payment of the salaries and allowances of the assessors, . . ."
LSA-R.S. 47:1908 provides for the payment of expenses by assessors. It reads, in pertinent part, as follows:
 "A. In the performance of all duties required of them by law, the said tax assessors shall have allowed to each for clerical and other expenses, the amounts hereinafter set forth for each." (Emphasis added.)
This office has consistently ruled that any necessary expense incurred by an assessor is payable from his Salary and Expense Fund as long as the expense is one necessitated by the performance of his duties as required by law. The powers and duties of tax assessors are generally set forth in LSA-R.S.47:1903. It reads, in pertinent part, the following:
 "The tax assessors shall enumerate and list and assess property as directed in this Chapter, and be subject to all the obligations prescribed by law. They shall prepare and have ready their lists showing the evaluations assessed by them, and lay the same before the tax commission within the time and in the manner prescribed by LSA-R.S. 47:1987 and 47:1988."
A review of the other statutory provisions relating to the powers and duties of assessors reveals no provision relating to the presentations to which you refer in your request. While it would be a laudatory effort on your behalf, we believe it to be more appropriately a statutory endeavor of an Industrial Inducement Board and/or the Louisiana Department of Economic Development. While payment of the expenses for the trip is not legally permissible, we see no prohibition against your sending information along with other teams members as you did for the first meeting.
Trusting this adequately responds to your inquiry, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: ROBERT E. HARROUN, III Assistant Attorney General RPI/Rob3/bb 0342R